UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4622

ARTHUR PURDIE,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CR-95-845)

Submitted: January 23, 1997

Decided: February 5, 1997

Before RUSSELL, WILKINS, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Ann Briks Walsh, Assistant Federal Public Defender, Charleston,
South Carolina, for Appellant. J. Rene Josey, United States Attorney,
Ben A. Hagood, Jr., Assistant United States Attorney, Charleston,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Arthur Purdie pled guilty to possession of cocaine with intent to distribute, 21 U.S.C. § 841 (1994), possession of crack cocaine with intent to distribute, 21 U.S.C. § 841, and possession of a firearm after conviction of a felony, 18 U.S.C. § 922(g)(1) (1994). He appeals his 46-month sentence, arguing that the district court clearly erred in enhancing his sentence for possession of a firearm during the offense. United States Sentencing Commission, Guidelines Manual, § 2D1.1(b)(1) (Nov. 1995). We affirm.

Purdie sold cocaine to an undercover officer on March 22 and March 30, 1994. On November 19, 1995, a search warrant was executed at Purdie's residence. When the agents knocked on the door, Purdie shouted, "If I can't see you, I'm going to start shooting." The agents identified themselves and Purdie came to the door unarmed. However, a loaded firearm was found on the dresser in his bedroom next to 39.1 grams of cocaine and 2.7 grams of crack packaged in small plastic bags. Purdie told the federal agent in charge that he operated a nightclub and carried the gun for protection.

The two-level enhancement is applicable if the government shows that a firearm was present during the offense, unless the court finds that it was clearly improbable that the firearm was connected with the offense. USSG § 2D1.1, comment. (n.3). At sentencing, Purdie argued that it was clearly improbable that the firearm was connected with the offense, but the district court found that the loaded weapon's close proximity to the drugs did not permit that conclusion. The court's finding was not clearly erroneous.

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

00000<ss2,BF> 00000<ss3,RO> 00000<ss4,BF> 00000<ss5,RO> 00000<ss6,RO> 00000<ss7,IT> 00000<ss8,RO> 00000<ss9,RO> 01980<ss10,BF> 00000<ss11,RO> 00000<ss12,RO> 00000<ss13,BF> 00000